REAVES LAW GROUP
A PROFESSIONAL CORPORATION
2999 North 44th Street, Suite 515
Phoenix, Arizona 85018
Telephone (602) 241-0101
Facsimile (602) 241-0114

David M. Reaves
dreaves@reaves-law.com
State Bar No. 011677

Misty W. Weigle
mweigle@reaves-law.com
State Bar No. 027222

Attorneys for David M. Reaves,
  Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>RIVERVIEW SOCIAL, LLC,<br><br>                Debtor.<br><br>THAT'S EATERTAINMENT CORPORATION,<br><br>                Debtor.<br><br>This filing applies to:<br><br>■ BOTH DEBTORS<br>☐ RIVERVIEW SOCIAL, LLC<br>☐ THAT'S EATERTAINMENT CORPORATION | Case No.: 2:21-bk-06897-MCW<br>Case No.: 2:21-bk-06900-MCW<br><br>Chapter 7<br><br>Jointly Administered<br><br>**TRUSTEE'S MOTION TO APPROVE COURT AUCTION SALE OF ARIZONA SERIES 6 LIQUOR LICENSE** |

    David M. Reaves, Chapter 7 trustee for the above jointly-administered estates, respectfully requests an order of this Court pursuant to 11 U.S.C. § 363(b)(f) approving the

1

estate's sale of that certain Series 6 Alcoholic Beverage License, License No. 06070420, issued by the Arizona Department of Liquor Licenses and Control (the "Liquor License") and held by debtor Riverview Social, LLC ("Riverview"), free of all liens, encumbrances or other interests, and with all such liens, encumbrances or other interest to attach to the sales proceeds. As set forth below, the Liquor License is to be sold to Cirgadyne, Inc., or nominee (the "Buyer") for the sum of $200,000.00, subject to any higher and/or better offers received at the hearing on this motion.

Pursuant to applicable Arizona law, all outstanding taxes owing to the state, or any political subdivision of the state, must be brought current in order to receive approval for the transfer of the Liquor License. Trustee is informed and believes that Riverview may owe outstanding taxes to the Arizona Department of Revenue, Maricopa County Treasurer and/or the City of Mesa, in the total estimated amount of approximately $80,000.00. Trustee believes that the sale of the Liquor License shall generate sufficient funds to satisfy all claims and obligations owing to the State and/or its political subdivisions, and Trustee is not aware of any other liens or encumbrances against the Liquor License. All liquidated and known claims held by the State and/or any political subdivision of the State shall be paid from the sales proceeds at closing. The remaining sales proceeds shall be held by the estate in a segregated account, with any remaining claims, liens or interests that may be held or asserted by the State and/or any political subdivisions attaching to those sales proceeds, to be disbursed only upon further order of this Court.

Trustee's motion is as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1134 and 157. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  BACKGROUND

3. On September 8, 2021, Riverview Social, LLC ("Riverview Social") and That's Eatertainment Corporation ("TEC") filed separate voluntary Chapter 7 petitions at Case No. 2:21-bk-06897-MCW and Case No. 2:21-bk-06900-EPB (TEC and Riverview Social are collectively referred to as the "Debtors").

4. TEC is the parent of a number of subsidiaries and affiliates, including Riverview Social.  TEC, through its subsidiaries and affiliates, owned and operated two restaurant and entertainment venues known as "Modern Round" and "Revelry," among other things.  One such venue was operated by MR Peoria, LLC ("MR Peoria"), which venue shut down prior to the filing of the petition herein. MR Peoria is 100% owned by Modern Round, Inc., which in turn is 100% owned by TEC.  The other such venue was owned and operated by Riverview Social and located at the Mesa Riverview Mall, 1065 North Dobson Road in Mesa, Arizona.  Riverview Social is 100% owned by TEC Restaurants, Inc. ("TEC Restaurants").  TEC Restaurants is 100% owned by Eatertainment Brands Holding Corp. ("Holding") and Holding is 100% owned by TEC.

5. On October 27, 2021, this Court ordered the joint administration of the Debtors pursuant to Rule 1015(b), Federal Rules of Bankruptcy Procedure and Local Rule 1015-1.

6. David M. Reaves ("Trustee") is the duly appointed and acting trustee of these jointly administered cases.

7. In connection with its Modern Round and Revelry venue at Mesa Riverview Mall, Riverview Social held the Liquor License, which is a Series 6 fully transferable license.

8. Buyer has offered to purchase the Liquor License for the sum of $200,000.00. Trustee would like to accept the offer, subject to any higher and better offers that may be submitted at the hearing on this motion.

9. Pursuant to A.R.S. § 4-210(A)(5) and (6), the Director of the Arizona Department of Liquor Licenses and Control may suspend, revoke, or refuse to renew any alcoholic beverage license if (i) the licensed business is delinquent more than 120 days in the payment of taxes, penalties or interest in an amount that exceeds $250 to the state or to any political subdivision of the state; or (ii) the licensee or controlling person obtains, assigns, transfers or sells a license without complying with applicable laws. In short, the Department will not recognize or approve any transfer of an alcoholic beverage license unless and until all delinquent taxes owing to the state, or any political subdivision of the state, are brought current; thus, in order for this estate to sell the Liquor License, all outstanding taxes owing to the State must be paid, unless the State agrees otherwise. *See In the Matter of Professional Bar Co.,* 537 F.2d 339, 340 (9th Cir. 1976)(because the state creates and controls its liquor licenses, the terms of any transfer of a license necessarily remains the prerogative of the state—if the state chooses to create conditions which make the transfer value of a license a net value after the state's claims are satisfied, that residual value is all that the trustee may look to); *In re A.J. Bayless Markets, Inc.,* 108 B.R. 721, 728 (Bankr. D. Ariz. 1989)(state statutes conditioning the transfer of a liquor license on the payment of a claim of a political subdivision of the state are enforceable in bankruptcy); *see also In re Anchorage Int'l Inn, Inc.,* 718 F.2d 1446, 1447 (9th Cir. 1983)(Alaska statute requiring payment of creditors of liquor establishment before transfer of liquor license are not preempted by federal bankruptcy law).

10. The following Proof of Claims have been filed by the State of Arizona and/or political subdivisions of the State, in the Riverview Social bankruptcy case:

a. Claim 14 filed by the City of Mesa in the amount of $1,344.00[1];

b. Claim 19 filed by the Maricopa County Treasurer in the amount of $23,132.52, for 2019-2021 personal property taxes; and

c. Claim 20 filed by the Arizona Department of Revenue in the amount of $3,180.00, for outstanding taxes.[2]

11. The following Proof of Claims have been filed by the State of Arizona and/or political subdivisions of the State, in the TEC bankruptcy case[3]:

a. Claim 6 filed by the Maricopa County Treasurer in the amount of $23,132.52, for 2019-2021 personal property taxes[4]; and

b. Claim 8 filed by the Arizona Department of Revenue in the amount of $10,838.82, for outstanding taxes.

12. The Trustee is not aware of any additional liens, encumbrances, or other interests held or asserted as against the Liquor License.

13. Trustee believes that the sale of the Liquor License shall generate sufficient proceeds to satisfy all obligations owing to the State of Arizona and/or other political

---

[1] Trustee has been informed that the City of Mesa is conducting a sales tax audit and will possibly be filing an amended claim for delinquent sales taxes owing by the Debtors for the period of approximately October 2020 through September 2021.

[2] Trustee is in the process of preparing 941 returns and/or amended 941 returns from approximately October 2020 through September 2021. The Arizona Department of Revenue may have additional claims relating to these returns.

[3] The Department of Treasury – Internal Revenue Service has filed Claim 3-1, asserting a claim in the amount of $3,500.00, for outstanding taxes, of which $1,900.00 is a priority claim under 11 U.S.C. § 507(a)(8), and the balance is a general unsecured claim. Accordingly, this claim does not attach to the Liquor License.

[4] The Maricopa County Treasurer filed duplicate claims in the Riverside Social and TEC bankruptcy cases. Trustee believes that the Maricopa County Treasurer has one claim for $23,132.53 for both matters.

5

subdivisions of the State. All known liquidated claims owing to the State and/or political subdivisions of the State shall be paid in full at closing, and the balance of the sales proceeds shall be held in a segregated account until such time as the remaining claims have been liquidated.

14. Upon information and belief, the Buyer is not an insider of the Debtors as defined by 11 U.S.C. § 101(31).

### III. PROPOSED SALE

15. Pursuant to 11 U.S.C. § 541(a), upon the commencement of a case under the Bankruptcy Code, all legal and equitable interests of the debtor in property as of that date become property of the bankruptcy estate. The Liquor License was held by Riverview Social as of the date of filing of the petition, and thus constitutes property of this bankruptcy estate.

16. Pursuant to 11 U.S.C. § 363(b)(1), after notice and a hearing, the trustee may sell property of the estate. Pursuant to Section 363(f), the trustee may sell property under subsection (b) free and clear of any interest in such property of an entity other than the estate, only if such entity consents, or if the price at which the property is to be sold is greater than the aggregate value of all liens against the property, among other things. 11 U.S.C. § 363(f)(2) and (3).

17. The Buyer has offered to purchase the Liquor License for the sum of $200,000.00. Trustee proposes to sell the Liquor License to Buyer, free and clear of liens, pursuant to 11 U.S.C. § 363(b) and (f), for the sum of $200,000.00, subject to any higher and better offers that may be received at the hearing on this matter.

18. At the hearing on this Motion, Trustee requests that bidding for the purchase of the Liquor License start at $200,000.00 with the offer submitted by Buyer, and continue thereafter until the Court approves the highest and best offer that may be submitted.

Trustee further requests the Court approve one or more back up bidders, in the amount and order of the next highest and best offer submitted, in the event any prior bidder does not timely Close (as defined below).

19.     Trustee additionally requests the Court approve the following procedures in connection with this sale:

    a.     The successful bidder shall pay the full bid price to Trustee, on behalf of this estate, within two business days following the hearing and auction sale;

    b.     The successful bidder shall file with the Department a completed application for the approval of the transfer/sale of the Liquor License, as well as any other items required by the Department, within ten business days of the hearing and auction sale;

    c.     Upon timely payment to Trustee and timely submission of the completed transfer/sale application to the Department, the sale will be deemed to have "Closed";

    d.     In the event the initial purchaser fails to timely Close, Trustee shall notify the first backup bidder that they have now succeeded to the rights and obligations of the successful bidder (other than the purchase price obligation, which shall be limited to the price bid by that backup bidder and as approved by the Court);

    e.     The backup bidder shall thereafter have two business days from the date of notice to deposit the backup bid price with Trustee, and ten business days to submit a completed transfer/sale application to the Department for approval, at which point the sale to the backup bidder shall be deemed to have Closed; and

    f.     In the event the first backup bidder fails to timely Close, Trustee shall notify the second backup bidder that they have now succeeded to the rights of the successful bidder, and so on until a sale is Closed.

20. All funds from bidders received by Trustee shall be deposited into a segregated account pending closure of the sale.

21. Upon Closing, the sale to the successful purchaser shall be deemed final, and Trustee shall immediately return all funds received from any junior bidders.

22. All sales proceeds paid by the successful purchaser shall be retained by Trustee in this segregated account. From this account, Trustee shall pay the following lien claims:

    a. The City of Mesa shall be paid $1,344.00 per Claim 14 filed in the Riverview Social matter;

    b. The Maricopa County Treasurer shall be paid $23,132.52 per Claim 19 filed in the Riverview Social matter and Claim 6 filed in the TEC matter;

    c. The Arizona Department of Revenue shall be paid $3,180.00 per Claim 20 filed in the Riverview Social matter; and

    d. The Arizona Department of Revenue shall be paid $10,838.82 per Claim 8 filed in the TEC matter.

23. The above claims filed by the State of Arizona and/or its political subdivisions, including the Arizona Department of Revenue, the Maricopa County Treasurer, and the City of Mesa, total $38,495.34 (excluding Maricopa County's duplicate claim of $23,132.52). After payment of the above, the estate shall be holding a balance of $165,504.66.

24. The remaining balance of $165,504.66 shall be retained in this segregated account, with any additional claims or interests held by the State of Arizona and/or any political subdivision of the State attaching to the sales proceeds. The City of Mesa, on behalf of itself and the State of Arizona, is conducting a sales tax audit, as a result of the Debtors' failure to file all required sales tax returns, and to pay all required sales taxes.

8

Case 2:21-bk-06897-MCW    Doc 72    Filed 03/24/22    Entered 03/24/22 15:08:13    Desc
Main Document    Page 8 of 12

The Debtors' principals estimate this liability at approximately $40,000.00. Additionally, the Debtors ran their own payroll for the last three months of operations (July, August and September, 2021), and in so doing, did not file 941 returns (employee withholdings), and did not make any payments to the IRS or to the State for any required withholdings. Accordingly, there may be additional claims held both by the IRS and the State in connection with these 941 returns. The IRS claim does not attach to the Liquor License, but instead any such claim will be a priority claim pursuant to 11 U.S.C. § 507(a)(8). While the amount of any additional claims have yet to be determined, it is evident that the remaining funds of $165,504.66 will be more than sufficient to full satisfy all such claims. Trustee understands that these claims must be paid in full in order to ensure that the Liquor License will be transferred to Buyer, and all funds shall be used for this purpose as necessary.

25. The Liquor License is currently on inactive status. The purchaser shall be responsible for payment of any other fees imposed by the Department relating to the transfer and activation of the license, including any application and reactivation fees. Trustee has been informed by the Department that inactive fees of $100 per month began to accrue in February 2022, and will continue to accrue monthly, until the license is reactivated by the purchaser. The purchaser shall also be responsible for any additional fees imposed by any other governmental entity or agency.

26. The estate's sale of the Liquor License is on an "as-is, where-is" basis, and Trustee makes no warranties or representations of any nature.

27. Trustee does not represent or warrant that any specific purchaser will qualify under Arizona law to hold a license or to become an authorized transferee of the Liquor License. The decision as to whether a purchaser qualifies to hold a license under Arizona

law is and shall be solely in the discretion to the Department, and nothing herein is intended to compel the Department to accept any specific purchaser as a qualified licensee.

28. The Trustee has not employed any brokers or auctioneers to market and sell the Liquor License, and no commissions shall be paid by the estate in connection with this auction sale. In the event that any successful bidder utilizes the services of a broker, any commissions paid or to be paid shall be the sole responsibility of the successful bidder.

29. The estate's proposed sale of the Liquor License as set forth herein is fair and equitable, and is in the best interests of these estates.

30. Trustee also requests that this Court authorize Trustee, on behalf of the bankruptcy estate, to enter into, execute and deliver, all documentation reasonably required in order to transfer the Liquor License to Buyer, or the highest and best bidder at the hearing on this motion.

WHEREFORE, Trustee respectfully requests an order of this Court as follows:

A. Granting this Motion;

B. Authorizing and approving the estate's sale of the Liquor License pursuant to 11 U.S.C. § 363(b) and (f), free and clear of liens and interests, to Cirgadyne, Inc., or nominee, for $200,000.00, or to any higher and better offer submitted at the hearing on the Motion;

C. Approving the procedures outlined above for the auction sale of the Liquor License by this Court;

D. Authorizing Trustee to pay the claims filed by the Arizona Department of Revenue, Maricopa County, and the City of Mesa, as set forth above;

E. Directing that all remaining funds be held by Trustee in a segregated account, with the liens and interests held by the State of Arizona and any political subdivision of the

State (including the Department of Revenue, Maricopa Count, and the City of Mesa), to attach to the sales proceeds held by the estate, pending further order of this Court; and

      F.    Authorizing and directing Trustee to execute all documents reasonably deemed necessary to effectuate the transfer of the Liquor License as contemplated herein.

Dated this 24th day of March, 2022.

REAVES LAW GROUP

By: /s/ *Misty W. Weigle* (SBN 027222)
    David M. Reaves.
    Misty W. Weigle,
    Attorneys for David M. Reaves,
      Chapter 7 Trustee

COPY of the foregoing SERVED
this 24th day of March, 2022, to:

Riverview Social, LLC
1065 North Dobson Road
Mesa, Arizona 85201
Debtor

That's Eatertainment Corporation
1065 North Dobson Road
Mesa, AZ 85201
Debtor

Michael A. Jones
Allen Barnes & Jones, PLC
mjones@allenbarneslaw.com
Attorney for Debtors

Arizona Department of Revenue
2005 North Central Avenue, Suite 100
Phoenix, AZ 85004
BankruptcyUnit@azag.gov

11

Case 2:21-bk-06897-MCW    Doc 72    Filed 03/24/22    Entered 03/24/22 15:08:13    Desc
Main Document    Page 11 of 12

Arizona Department of Revenue
c/o Krystal M. Gonzales
1600 West Monroe, 7th Floor
Phoenix, AZ 85007
kgonzales@azdor.gov

Maricopa County Treasurer
c/o Peter Muthig
225 West Madison Street
Phoenix, AZ 85003
muthigk@mcao.maricopa.gov

City of Mesa
55 North Center Street
Mesa, AZ 85201

City of Mesa
c/o Allen Hyrum Blau
Post Office Box 1466
Mesa, AZ 85211-1466
Allen.blau@mesaaz.gov

Office of the U.S. Trustee
USTPRegion14.PX.ECF@usdoj.gov

/s/ *Misty W. Weigle*